**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 2:04-CR-375-RLH-GWF |
| ) | |
| vs. ) | **O R D E R** |
| ) | (Motion for Correction–#128) |
| CARLOS JAVIER LOPEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is Defendant's second **Motion for Correction of Sentence Pursuant to 18 U.S.C. §3582** (#128, filed July 2, 2012). Because the Motion is clearly without merit, the Court will not require a response from the United States.

On August 3, 2005, Defendant Lopez was convicted by as jury of (1) Felon in Possession of Firearm; (2) Illegal Alien in Possession of a Firearm; (3) Possession of a Firearm in Furtherance of Drug Trafficking Crime; (4) Possession With Intent to Distribute a Controlled Substance; and, (5) Illegal Reentry of Removed Alien (this illegal reentry was committed after Lopez has been convicted of a violent crime, increasing both the penalty and the guideline range).

On January 9, 2006, he was sentenced to a total of 208 months, calculated as follows: His total Offense Level was determined to be 28.   His Criminal History number 8 points, making a Criminal History Category  IV.  He was sentenced to 120 months each for Counts 1 and 2 and 124 months as to Counts 4 and 5, all to be served concurrently, and 84 months as to Count 3 which was required to be served consecutively to the other counts.

He appealed his conviction to the Ninth Circuit Court of Appeals, which affirmed his conviction by a Judgment (#108) filed March 23, 2007.  Apparently, a petition for a Writ of Certiorari was denied by the U.S. Supreme Court.

On January 5, 2009, Defendant Lopez filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (#113).  That motion was denied by this Court on May 5, 2009.

On November 28, 2011, Lopez filed a letter (#123) with the Court requesting a correction to his sentence pursuant to 18 U.S.C. §3582(c)(2), based upon recent Guideline changes for sentencing in crack cocaine cases, which the Court treated as motion and appointed the Federal Public Defender to represent Lopez on that motion (#124), on November 30, 2011.  Assistant Federal Public Defender Brenda Weksler undertook the representation of Defendant Lopez and reviewed the filed. On June 6, 2012, Ms. Weksler filed with the Court a Notice of Intent not to Proceed Under 18 U.S.C. 3582 (#126), finding that, "[a]fter careful review of the case file, it has been found that the defendant's overall sentence will not be  affected by any of the changes contemplated by 18 USC 3582(c)."

Therefore, on June 15, 2012, this Court entered an Order (#127) denying Lopez's letter/motion under §3582(c).

Defendant Lopez now brings this second motion for correction of the crack cocaine portion of the sentence.  He acknowledges that Ms Weksler is correct, since he still faces Count 5's sentence of 124 months, plus the consecutive 84 sentence of Count 3, but proceeds to argue that the other sentences were too high.  This issue was, or should have been, addressed in the original appeal. His conviction and sentence were affirmed by the Circuit Court.  Furthermore, his argument, that the sentences for Counts 1 and 2 are too high, belies both his criminal history and the fact that he was not only found guilty of being a felon in possession of a firearm, but also an illegal alien in possession of a firearm (who has previously been deported following a crime of violence).  He attempts to reargue his sentence for 5, the illegal reentry (after a conviction of a crime of violence).  These matters have been considered by both this Court and the Circuit Court and this Court's decision affirmed.

Accordingly, the requested correction, even if justified, would, as explained by Ms. Weksler, have no effect on the sentence. Thus, the Motion is without merit.

IT IS THEREFORE ORDERED that Defendant Lopez's second **Motion for Correction of Sentence Pursuant to 18 U.S.C. §3582** (#128) is DENIED.

Dated: July 19, 2012.

_____
**Roger L. Hunt
United States District Judge**