# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:04-CR-0375-RLH-GWF |
| ) | |
| vs. ) | **O R D E R** |
| ) | (Motion to Reduce Sentence–#152) |
| CARLOS JAVIER LOPEZ, ) | |
| ) | |
| Defendant(s). ) | |

Before the Court is Defendant's **Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10 and Amendments 706-750, and 782 of the U.S. Sentencing Guidelines** (#152, filed May 29, 2015). The Government's Response in Opposition (#154) was filed June 12, 2015, and Defendant's Reply (#155), was filed June 26, 2015.

BACKGROUND

On August 3, 2005, Defendant was convicted by a jury of (Count One) Felon in Possession of a Firearm; (Count Two) Illegal Alien in Possession of a Firearm; (Count Three) Possession of a firearm in relation to a Drug Trafficking Crime; (Count Four) Possession with Intent to Distribute a Controlled Substance; and, (Count Five) Illegal Reentry of Removed Alien.

On January 9, 2006, this Court sentenced Defendant to 120 months of imprisonment as to Counts One and Two, to run concurrently, 145 months as to Counts Four and Five, to run concurrently and concurrently with Counts One and Two, and 84 months as to Count Three to be served consecutively with the term of incarceration on the other counts. Defendant filed a direct

1

appeal, but on March 23, 2007, the Ninth Circuit affirmed his convictions and sentences. *United States v. Lopez*, 477 F.3d 1110 (9th Cir. 2007).  Defendant then filed a motion under 28 U.S.C. § 2255, which this Court denied on May 5, 2009.

In 2011 Defendant filed a motion for a sentence reduction pursuant to 18 U.S.C. §3582(c)(2) and Amendment 750 of the U.S.S.G., which was denied on June 15, 2012.  On July 2, 2012, Defendant filed another motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), which was denied on July 19, 2012.  On August 6, 2012, Defendant filed a notice of appeal.  On August 27, 2013, the Ninth Circuit Court of Appeals granted the government's unopposed motion to vacate the district court's order denying Defendant's motion and remand to allow the district court to consider whether in its discretion it should reduce Defendant's sentence.  On September 26, 2013, this Court, pursuant to the Circuit's remand, ordered Mr. Lopez to file a new Motion to Reduce Sentence within 60 days.  On November 25, 2013, Defendant's counsel filed an Unopposed Motion to Stay Further Resentencing Proceedings to Allow Defendant Time to Improve his Custody Record (#144) (Defendant conceded that he "has had issues with violence, possession illegal contraband, and general prison rules violations"), which the Court granted on November 26, 2013.

On March 5, 2015, Defendant filed a Request to Allow Briefing on Lopez' Request for a Sentencing Reduction, which the Court granted on March 26, 2015 (#151).  Meanwhile (since the motion in 2011) the U.S.S. Commission promulgated Amendment 782 which lowered the base offense levels in the drug quantity table and took effect on November 1, 2014.  Defendant now adds Amendment 782 to his motion for reduction of sentence.

Now, more than a year later, the parties have obtained Lopez's updated progress report and he has filed a renewed motion under Section 3582(c) and the U.S.S.G. Amendments.

/ / / /

/ / / /

/ / / /

2

LAW

Title 18 U.S.C. § 3582(c)(2) states that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission (emphasis added).

The two-step process of applying a retroactive amendment is described in *Dillon v. United States,* 560 U.S. 817, at 827 (1010). The first step requires this Court to determine the defendant's statutory eligibility. No one contests Defendant's eligibility and the Court finds he is eligible.

> At step two of the inquiry, §3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, *in its discretion*, the reduction is authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case (emphasis added).

Thus, the Court retains discretion to determine whether (and to what extent) a reduction is actually warranted. "In making its determination, the Court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment, and 'may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment.'" *United States v. Lightfoot*, 626 F.3d 1092, at 1096 (9th Cir. 2010) (*quoting* U.S.S.G. §1B1.10, comment 1(B)(ii), (iii)).

FINDINGS AND CONCLUSIONS

The Defendant's prison record reflects that in the years preceding November 25, 2013 (the date Lopez sought to stay resolution of his motion in order to improve his prison record), his record at the prison is abysmal. It includes numerous citations for Possessing a Dangerous Weapon (three times in 2007, and once more in August 11, 2011–these included sharpened steel shanks); three citations for Assault Without Serious Injury and for Fighting (in 2007, 2008, and 2012); one or two citations (the record is unclear) for Rioting (in 2009); a citation for Possessing

3

Intoxicants (in 2012); and numerous violations of prison rules, including Refusing to Obey an Order and Failing to Stand Count.  Apparently recognizing the Court would carefully examine his record, Defendant sought addition time to "redouble his efforts to ensure complete prison rule compliance over the next year. . . ."  His efforts failed.

While his record reflects that he did undertake educational efforts, including a class to improve his English–which apparently was of limited help–it also reveals recent discipline problems based on Possessing an unauthorized Item (Aug. 19, 2014); Phone Abuse–Disrupt (Feb. 25, 2015; and Possessing a Dangerous Weapon (Dec. 26, 2013–a mere month after requesting his motion be stayed).  Furthermore, his gossamer excuses, that he used to be a gang member, that he has already sustained administrative sanctions, and that he "was simply trying to protect himself when he was recently disciplined for possessing a weapon," suggests a failure to take responsibility for his actions.  His criminal and prison history reflect a person who remains a clear danger to those around him and to the community.  This Court cannot, in good conscience, grant an earlier release by a reduction in Defendant Lopez's sentence.  In exercising its discretion, this Court must deny Defendant's motion.

Furthermore, inasmuch a Federal Rules of Criminal Procedure 43(b)(4) does not require a hearing, Defendant's request for a hearing or the right to be present as such a hearing is denied.

IT IS THEREFORE ORDERED that Defendant's **Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10 and Amendments 706-750, and 782 of the U.S. Sentencing Guidelines** (#152) is DENIED.

Dated: June 30, 2015.

_____
**Roger L. Hunt
United States District Judge**