# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS JAVIER LOPEZ,<br><br>Defendant. | Case No. 2:04-cr-00375-APG-GWF<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION AND COMPASSIONATE RELEASE**<br><br>[ECF Nos. 203, 209] |

Defendant Carlos Lopez filed a *pro se* motion for reduction of his sentence. ECF No. 203. His counsel then filed a supplement clarifying that Lopez seeks a reduction and immediate release under the compassionate release provision of 18 U.SC. § 3582(c)(1)(A). ECF No. 209. Lopez bases his motion on the current COVID-19 pandemic, his age, the custodial time he has already served, his underlying medical conditions, and the fact that he likely will be deported to Honduras upon completing his sentence. The United States opposes the request.

The compassionate release statute authorizes courts to reduce a defendant's term of imprisonment, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Lopez has not applied for compassionate release with the warden of USP Tucson where he is incarcerated. ECF No. 209 at 3. Thus, he has not exhausted his administrative remedies as required by the statute. Lopez contends that I can and should waive his failure to exhaust.

"Of 'paramount importance' to any exhaustion inquiry is congressional intent. . . . Where Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (citations omitted). The Supreme Court of the United States has emphasized the

difference between "judge-made exhaustion doctrines, [which] remain amendable to judge-made exceptions," and Congressionally mandated exhaustion requirements, which are not. *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016).  Regarding "a statutory exhaustion provision . . . , Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to.  For that reason, mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.* (examining the Prison Litigation Reform Act).[1]

"Section 3582(c)(1)(A) imposes a statutory exhaustion requirement that must be strictly enforced." *United States v. Perez*, No. 17 CR. 513-3 (AT), 2020 WL 1546422, at *2–3 (S.D.N.Y. Apr. 1, 2020) (quotations and citations omitted).[2]  While some courts have ignored the distinction between judge-made exhaustion and Congress-made exhaustion, I cannot overlook the explicit language of the compassionate release statute and the Supreme Court's directive in *Ross*.

The Sixth Circuit Court of Appeals recently held that the exhaustion requirement is not jurisdictional for compassionate release. *US v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).  But the court held that exhaustion is a mandatory condition and thus affirmed dismissal of the inmate's motion as unexhausted. *Id.* at 836.  I agree with the Sixth Circuit that there are good reasons to allow a warden to review an application. *Id.* At 835-36.  That remains true even in the rapidly changing environment of this pandemic.  The United States Attorney General has pressed the

---

[1] *See also Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 541 (9th Cir. 2019) ("[I]f exhaustion 'is a statutorily specified prerequisite'—as opposed to a judicially created one—'[t]he requirement is . . . something more than simply a codification of the judicially developed doctrine of exhaustion, and may not be dispensed with merely by a judicial conclusion of futility[.]'" (quoting *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975))); *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) ("[W]hile judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."); *United States v. Meron*, No. 2:18-CR-0209-KJM, 2020 WL 1873900, at *2 (E.D. Cal. Apr. 15, 2020) (holding exhaustion under 18 U.S.C. § 35829(c) is not judicially waivable).

[2] After stating this principle, the judge in *Perez* nevertheless turned to judge-made exceptions to exhaustion.

Bureau of Prisons to use compassionate release and other tools to reduce the risk of infection. In this case, the warden is due the Congressionally mandated time to review Lopez's application.

Because Lopez has not exhausted his administrative remedy, I do not have authority to entertain his motion at this time. However, I am denying the motion without prejudice to his ability to refile it if he exhausts his remedies without success. If he files a new motion, he may simply incorporate by reference his arguments from the present motion, and supplement it with any new evidence or arguments.

I THEREFORE DENY Lopez's motion (ECF Nos. 203, 209) without prejudice. If he exhausts his administrative remedies and has not received the relief he requests, he may file a new motion.

DATED this 6th day of July, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE